**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>LARRY D. KLINGLER, JR., LYNNE R. KLINGLER, and KLINGLER BROS. DAIRY FARM,<br><br>  Defendants. | CIVIL ACTION NO. 3:CV-13-2413<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before me is a Motion for Summary Judgment (Doc. 15) filed by Plaintiff United States of America, which instituted this mortgage foreclosure action against Defendants Larry Klingler, Jr., Lynne Klingler, and Klingler Bros. Dairy Farm on behalf of the Farm Service Agency ("FSA"), an agency of the Department of Agriculture. For the reasons that follow, Plaintiff's unopposed motion for summary judgment will be granted.

### **I. Background**

The facts relevant to the instant motion for summary judgment are set forth in Plaintiff's Statement of Material Facts and supporting exhibits (Doc. 16) as follows:

On January 26, 2004, Defendants Larry Klingler, Jr. and Lynne Klingler, individually and as partners of Klingler Bros. Dairy Farms, borrowed the sum of $86,770.00 under the Consolidated Farm and Rural Development Act, and executed a Promisory Note evidencing the loan. (Doc. 16, ¶ 1, Ex. A.) The loan was rescheduled and a new Promissory Note was executed in the amount of $64,434.95 on September 6, 2004. (*Id*. at ¶ 2, Ex. B.) Thereafter, on October 26, 2005, Defendants borrowed an additional sum of $200,000.00 under the Consolidated Farm and Rural Development Act, and executed a Promissory Note evidencing the loan. (*Id*. at ¶ 3, Ex. C.) And, on July 22, 2009, Defendants borrowed an additional sum of $93,440.00 under the Consolidated Farm and Rural Development Act,

and executed a Promissory Note evidencing that loan. (*Id*. at ¶ 4, Ex. D.)

On October 26, 2005, Defendants made, executed, and delivered a Mortgage upon their real estate located at 2274 Fair Oaks Road, Selingsgrove, Penn Township, Snyder County, Pennsylvania, 17870, to secure payment of the loans. (*Id*. at ¶ 5, Ex. E.) Defendants, in addition to the mortgage, executed a Security Agreement pledging their crops, livestock, supplies, other farm products, and farm and other equipment as additional security for payment of the promissory notes on June 11, 2008. (*Id*. at ¶ 6, Ex. F.) Plaintiff, on January 15, 2004, filed and recorded a UCC financing statement with the Pennsylvania Department of State, which was amended on October 14, 2008. (*Id*. at ¶ 7, Ex. G.)

The Mortgage held by Plaintiff has not been assigned, and Plaintiff is the owner and holder of the Promissory Note, the Mortgage, and the Security Agreement. (*Id*. at ¶¶ 8-9.)

In 2011, Defendants defaulted on the loans secured by the Mortgage and Security Agreement when they failed to make payments when due. (*Id*. at ¶ 10 and Ex. H.) Plaintiff accelerated Defendants' loans on June 27, 2012 and sent a Notice of Acceleration to Defendants that day. (*Id*. at Ex. I.) Defendants were provided the opportunity to apply for various loan servicing options prior to the acceleration of their loans. (*Id*. at ¶ 12.) To date, Defendants have not cured the default. (*Id*. at ¶ 13.)

As of June 16, 2014, the outstanding principal on the three loans totaled $285,151.53 and the unpaid interest equaled $20,116.32, for a total amount due of $305,267.85. (*Id*. at ¶ 14.) Additionally, the loans provide for interest at the rate of $32.0642 per day. (*Id*.)[1]

Plaintiff filed the complaint on September 19, 2013 to institute a mortgage

---

[1] Plaintiff's Statement of Material Facts relies largely on the Affidavit of David W. Poorbaugh, Farm Loan Chief for the Pennsylvania State Office of the FSA. (Doc. 16.) Additionally, as indicated, attached as Exhibits to his Affidavit are copies of the Promissory Notes executed by Defendants, the Mortgage, the Security Agreement, the Financing Statement, Defendants' account history, and the Notice of Acceleration. (*Id*. at Exs. A-I.)

2

foreclosure action against Defendants. (Doc. 1.)  Defendants filed their Answer to the Complaint with New Matter on May 30, 2014 (Doc. 8), which Plaintiff responded to on June 12, 2014. (Doc. 9.)  Thereafter, Plaintiff filed the instant motion for summary judgment on September 19, 2014. (Doc. 15.)  Defendants did not file a response in opposition to Plaintiff's motion.  Accordingly, as Plaintiffs failed to file a brief in opposition to Plaintiff's motion for summary judgment, they are "deemed not to oppose such motion." M.D. Pa. L.R. 7.6.

Moreover, Plaintiff's motion for summary judgment was accompanied by a Statement of Material Facts as required by Middle District of Pennsylvania Local Rule 56.1. (Doc. 16.) Defendants, however, failed to file a statement of material facts in opposition to Plaintiff's statement as required by the Local Rules.  Thus, all material facts set forth in Plaintiff's statement are deemed admitted. *See* M.D. Pa. L.R. 56.1 (providing, in pertinent part, that "[s]tatements of material fact in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements.  All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."). Defendants likewise failed to submit any evidence in opposition to the evidence presented by Plaintiff.  Nonetheless, I must still analyze the merits of Plaintiff's motion to determine whether summary judgment is appropriate. *See Lorenzo v. Griffith*, 12 F.3d 23, 28 (3d Cir. 1993); *Anchorage Associates v. Virgin Islands Board of Tax Review*, 922 F.2d 168, 174-75 (3d Cir. 1990); *Moultrie v. Luzerne Cnty. Prison*, No. 06–1153, 2008 WL 4748240, at *2 (M.D. Pa. Oct. 27, 2008).

## II. Legal Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

3

Fed. R. Civ. P. 56(a).  "Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Wright v. Corning*, 679 F.3d 101, 103 (3d Cir. 2012) (quoting *Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995)).  A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. *See Edelman v. Comm'r of Soc. Sec.*, 83 F.3d 68, 70 (3d Cir. 1996).  Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Anderson*, 477 U.S. at 248, 106 S. Ct. 2505.  An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*.  Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See Howard Hess Denal Labs., Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010).  The moving party may present its own evidence or, where the non-moving party has the burden of proof, simply point out to the court that "the non-moving party has failed to make a sufficient showing on an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

"When considering whether there exist genuine issues of material fact, the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007).  Once the moving party has satisfied its initial

burden, the burden shifts to the non-moving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256-57, 106 S. Ct. 2505. The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990).

"To prevail on a motion for summary judgment, the non-moving party must show specific facts such that a reasonable jury could find in that party's favor, thereby establishing a genuine issue of fact for trial." *Galli v. New Jersey Meadowlands Comm'n*, 490 F.3d 265, 270 (3d Cir. 2007) (citing Fed. R. Civ. P. 56(e)). "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." *Id.* (quoting *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005)). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 106 S. Ct. 2505.

### III. Discussion

"When the FSA acts as a lender, it acts in a commercial rather than a sovereign capacity. Government security interests obtained through FSA lending programs are controlled by the commercial law of each state." *United States v. Olayer*, No. 07-1256, 2008 WL 4616847, at *4 (W.D. Pa. Oct. 16, 2008) (citing *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 99 S. Ct. 1448, 59 L. Ed. 2d 711 (1979)), *aff'd*, 333 F. App'x 669 (3d Cir. 2009). As Defendants here are Pennsylvania citizens and the property mortgaged and pled as security for the FSA notes is located in Pennsylvania, this foreclosure action is governed by Pennsylvania law. *See Olayer*, 2008 WL 4616847, at *4.

"Under Pennsylvania law, a lender may institute a foreclosure proceeding to enforce the terms of a mortgage. A mortgagee is entitled to the entry of judgment on establishing the amount of the mortgage and the mortgagor's default, including the failure to pay interest." *Olayer*, 333 F. App'x at 671 (internal citation omitted) (citing *Cunningham v. McWilliams*, 714 A.2d 1054, 1056-57 (Pa. Super. Ct. 1998)).

In their Answer to Plaintiff's Complaint, Defendants have specifically admitted: (1) the lending of $86,700.00 on January 26, 2004; (2) the execution of a Promissory Note dated January 26, 2004 in the amount of $86,770.00 that was later rescheduled on September 6, 2005 into a new Note for $64,434.95; (3) the lending of $200,000.00 on October 26, 2005; (4) the execution of a Promissory Note dated October 26, 2005 in the amount of $200,000.00; (5) the lending of $93,440.00 on July 22, 2009; (6) the execution of a Promissory Note dated July 22, 2009 for $93,440.00; (7) the execution of the Mortgage on October 26, 2005 and the recording of that Mortgage on October 28, 2005; (8) the execution of the Security Agreement on August 5, 2008, which granted Plaintiff a security interest in crops, livestock, supplies, other farm products, and farm and other equipment; (9) the execution, delivery, and filing of the January 15, 2004 Financing Statement that was later continued by the filing of a Continuation Statement; (10) that Plaintiff is the current owner and holder of the Promissory Notes, Mortgage, Security Agreement, and Financing Statements; and (11) that Defendants are the current record owners of the mortgaged premises. (Doc. 1, ¶¶ 6-15, 21; Doc. 8, ¶¶ 6-15, 21.)

The evidence submitted by Plaintiff also confirms that Defendants defaulted on the loans secured by the Mortgage and Security Agreement in 2011 by failing to make payments when due. (Doc. 16, ¶ 10 and Ex. H.) The evidence of record further demonstrates that after Defendants were provided the opportunity to apply for loan servicing options, Plaintiff accelerated Defendants' loans and sent a Notice of Acceleration. (*Id*. at ¶¶

11-12.)  And, the evidence submitted by Plaintiff establishes that Defendants have not cured the default at this time. (*Id.* at ¶ 13.)  Moreover, while Defendants in their Answer to the Complaint deny that they failed to or refused to pay the installments of principal and interest when due, that Notices of Acceleration were sent, and that the entire amount of indebtedness owed under the Promissory Notes, Mortgage, and Security Agreement are immediately due and payable, (Doc. 1, ¶¶ 17-20; Doc. 8, ¶¶ 17-20), "[t]o defeat summary judgment, [they] 'cannot rest simply on the allegations in the pleadings,' but 'must rely on affidavits, depositions, answers to interrogatories, or admissions on file.'" *GFL Advantage Fund, Ltd. v. Colkitt*, 272 F.3d 189, 199 (3d Cir. 2001) (quoting *Bhatla v. U.S. Capital Corp.*, 990 F.2d 780, 787 (3d Cir. 1993)).  As stated, however, Defendants did not submit any evidence in opposition to Plaintiff's motion for summary judgment.

Accordingly, there is no genuine dispute of material fact regarding Defendants' default on the mortgage and the amount due and owing to Plaintiff on these debts.  Plaintiff is therefore entitled to the entry of judgment in its favor in the amount of $305,267.85 plus interest at the rate of $32.0642 per day from June 17, 2014 to the date of entry of the accompanying Order.

### IV. Conclusion

For the above stated reasons, Plaintiff's motion for summary judgment will be granted.

An appropriate order follows.

February 24, 2015                                         /s/ A. Richard Caputo
Date                                                              A. Richard Caputo
                                                                       United States District Judge